FILED
SUPERIOR COURT
OF GUAM

2025 MAR -5 PM 4: 41

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| IN THE MATTER OF THE ESTATE<br><br>OF<br><br>FARRELL ANTHONY COLE,<br><br>Decedent. | PROBATE CASE NO. <u>PR0092-24</u><br><br>**DECISION AND ORDER GRANTING MOTION TO DISMISS** |

Heirs Heather S. White, Andrew L. Cole, Rowan White and Cora White ("Dr. Cole's Children and Grandchildren") move to dismiss the Petition for Probate of the Estate of Dr. Farrell Anthony Cole and for Appointment of Administrator and Letters of Administration, filed by Petitioner Daniel J. Berman. Veronica P. Cole, Dr. Cole's surviving spouse and an heir to Dr. Cole's estate, appointed Berman to serve as the Estate Administrator. The Court determines that probate is appropriate in Tennessee and ancillary jurisdiction is not required in Guam. The Court therefore GRANTS the dismissal.

## I. <u>PROCEDURAL BACKGROUND</u>

Dr. Cole holds an ownership share in Guam SurgiCenter, L.L.C. Dr. Cole left Guam around 2016, however, he continued to use Guam as his tax base. Resp. to Opp'n to Pet. Probate, Ex. C (Oct. 4, 2024); Opp'n of Surviving Spouse to Mot. Dismiss at 13 (Jan. 3, 2025) ("Guam is where I last lived in the US and that is where I pay my taxes."). He moved to Tennessee, acquired a Tennessee driver's license, received medical care in Tennessee, and passed away there on April 17, 2023. According to Veronica, Dr. Cole did not intend on returning to Guam. Decl. Trevor Atchley at 3 (Feb 10. 2025).

ORIGINAL

Nominated by Veronica to serve as the administrator of Dr. Cole's estate, Berman filed a Petition for Probate on May 28, 2024, in Guam stating that Dr. Cole was domiciled in Guam. He also sought to admit to probate various pages of a Will purportedly executed by Dr. Cole. Dr. Cole's Children and Grandchildren appeared at the July 17, 2024 Petition hearing, and asked for more time to oppose the Petition. The Court granted the extension. Hr'g (July 17, 2024).

Meanwhile, Heather filed a Petition for Intestate Administration in the Chancery Court of Hamilton County, Tennessee on August 8, 2024, which the Tennessee court granted. Resp. to Opp'n to Pet. Probate at 2, Ex. A; Decl. Heather S. White, Ex. 7 (Dec. 17, 2024). Dr. Cole's Children and Grandchildren then filed an Opposition to Berman's Petition before this Court, arguing that because Dr. Cole was domiciled in Tennessee, Tennessee served as the proper forum for probate. Opp'n to Pet. Probate at 3 (Sept. 18, 2024). They also argued that Dr. Cole lacked the testamentary capacity to make a will and that the purported Will resulted from fraud and undue influence by Veronica. The Opposition prompted a Will Contest; thus, the Court issued a Citation pursuant to 15 GCA § 1603. Citation (Oct. 4, 2024).

Dr. Cole's Children and Grandchildren then moved to dismiss the proceedings in Guam, contesting this Court's jurisdiction based on Dr. Cole's domicile in Tennessee. Veronica responded, arguing that Dr. Cole was domiciled in Guam as evidenced by his paying taxes in Guam, and that the estate's only property is located in Guam. The Court heard the Motion on January 16, 2025, and took the issue under advisement.

In the interim, the Tennessee court has determined that Dr. Cole was domiciled in Tennessee and that probate will proceed in Tennessee. Decl. Trevor Atchley at 4. The Tennessee court also determined that unless an ancillary probate in Guam was necessary, it will handle the sale of any Dr. Cole's interest in Guam SurgiCenter. *Id.* ("I certainly hope that they

will accept an order from a chancellor in Hamilton County to proceed with the sales of the shares in the surgery center. And, if not, if an ancillary probate or the existing probate proceeding in Guam needs to be converted to an ancillary probate, great. Get it done.").

## II. LAW AND ANALYSIS

### A. The Tennessee Court is the Domiciliary Jurisdiction.

As just noted, the Chancery Court in Tennessee has determined it has jurisdiction over the probate of Dr. Cole's Estate. This Court respects that determination. Both 28 U.S.C.A. § 1738 and Guam law give the Tennessee court's determination that Dr. Cole was domiciled in Tennessee the same credit and effect in Guam as it would in Tennessee. 28 U.S.C.A. § 1738 ("such acts, records and judicial proceedings or copies, thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts... from which they are taken."); 6 GCA § 4214 ("the effect of a judicial record of a state ... is the same in Guam as in the place where it was made.").

Moreover, the Court agrees with the Tennessee Court's determination that Dr. Cole was domiciled in Tennessee. Domicile is a location where one establishes a fixed habitation or abode in a particular place, and intends to remain there permanently or indefinitely. *Philips v. Pitt County Mem'l Hosp., Inc.*, No. 23-00025, 2024 WL 5132119, at *10 (D. Guam App. Div. Dec. 17, 2024). Veronica informed the Tennessee Court that Dr. Cole never intended to return to Guam. Decl. Trevor Atchley at 3. Given that Dr. Cole had no intention to remain in Guam permanently or indefinitely, his domicile is not Guam, regardless of where he chose to file taxes.

### B. The Court is Not Required to Proceed with Ancillary Jurisdiction.

The Court next turns to determining whether ancillary jurisdiction is required in Guam

for the probate to continue. Veronica states that the only property in Dr. Cole's estate is his membership interest in Guam SurgiCenter and the only situs of this interest is in Guam. In her Opposition, Veronica details how Heather requested Guam SurgiCenter's Chief Executive Officer "cash out" and transfer the membership interest and/or financial benefits to her. Opp'n of Surviving Spouse to Mot. Dismiss at 2. However, Guam SurgiCenter did not deliver any distributions to Heather or Dr. Cole's estate because it requested an order from this Court prior to doing so. *Id.* Thus, at present, there are no distributions from Guam SurgiCenter that this Court must immediately handle.

Veronica also argues there are potential issues with the interest in Guam SurgiCenter that will need to be resolved through this Court, specifically determining who has the authority to receive a distribution and potential litigation or claims against Guam SurgiCenter to resolve the Estate's request to transfer or sell Dr. Cole's interest. *Id.* at 3. The Court recognizes that generally, interests or shares in stock have their situs in the state in which the corporation has been organized. However, courts have found this determination can vary by state and circumstances. *Miller's Estate v. Executrix of Miller's Estate*, 136 P. 255, 257 (Kan. 1913). Courts have found that when the only asset in an estate is ownership of stock by a non-resident decedent there is not sufficient basis to warrant the appointment of ancillary administrators in the situs of the corporation. *Id.* Additionally, courts have found that when ancillary administrators have yet to be appointed, a transfer of interest by the domiciliary administrator is permitted. *Brown v. San Francisco Gaslight Co.*, 58 Cal. 426, 428 (1881); *Luce v. Manchester & L. R. R.*, 63 N.H. 588, 590 (1886).

Veronica cites California case law supporting ancillary jurisdiction in Guam. However, her references pose a different procedural posture. *Murphy v. Crouse* deals with a situation

ORIGINAL

where an ancillary administrator had already been appointed. 66 P. 971, 972 (Cal. 1901).

Additionally, she references *Fishback v. J. C. Forkner Fig Gardens*, but that court explicitly stated that "in the absence of ancillary administration, the California courts will recognize, as a matter of comity, the title vested in the plaintiffs by the decree of distribution rendered by the [domiciliary] probate court." 23 P.2d 293, 293 (Cal. 1933).

Currently, there is no appointed administrator for the probate in Guam, but as the caselaw indicates, one is not necessary at this time to handle the Guam SurgiCenter interest. Instead, a domiciliary administrator may manage this interest without the need to proceed with ancillary jurisdiction. In other words, the transfer of Dr. Cole's interest in Guam SurgiCenter to his Estate can still occur through an order from and with the oversight by the Tennessee court.[1]

## III. CONCLUSION AND ORDER

The Court finds that Tennessee is the domiciliary jurisdiction for probate of Dr. Cole's estate and that ancillary jurisdiction in Guam is unnecessary. Accordingly, the Court GRANTS Dr. Cole's Children and Grandchildren's Motion to Dismiss Petition for Probate of the Estate of Farrell Anthony Cole and for Appointment of Administrator and Letters of Administration.

This matter is DISMISSED without prejudice.

**SO ORDERED, 5 March 2025.**

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Daniel J. Berman, Esq., Berman Law Firm for Petitioner Daniel J. Berman
Jon A. Visosky, Esq., Roberts Fowler & Visosky LLP for Heather S. White, Andrew L. Cole, Rowan White, and Cora White

---

[1] The Tennessee court indicated that ancillary proceedings may be needed if Guam SurgiCenter refuses to accept its Orders. This Court agrees that ancillary proceedings may be warranted here under this circumstance.

ORIGINAL